UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>          Plaintiff,<br><br>vs.<br><br>C. GIPSON, *et al.*,<br><br>          Defendants. | Case No. 1:13-cv-01557-RRB<br><br>**DISMISSAL ORDER** |

Plaintiff Myron A. Payne, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against several officials of the California State Prison–Corcoran ("CSP–COR").[1] Payne is currently housed at the Kern Valley State Prison, Delano, California.

I.     **SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court

---

[1] In addition to Warden C. Gipson, Payne names as Defendants: Matthew Cate, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); Jeffrey Beard, Secretary, CDCR; D. G. Adams, former Warden, CSP-COR; Aqueel El-Amin, Islamic/Muslim Imam, CSP-COR; E. Eburuche, Catholic Chaplain, CSP-COR; Yosi Carron, Jewish Rabbi, CSP-COR; T. Norton, Associate Warden, CSP-COR; F. P. Field, Associate Warden, CSP-COR; Capt. M. Hodges Wilkins, Appeals Examiner, CSP-COR; and Capt. R. Davis, Appeals Examiner, CSP-COR.

[2] 28 U.S.C. § 1915A(a).

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); see *Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); see *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] See *Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II. GRAVAMEN OF COMPLAINT

At the time he filed his Complaint, Payne, an adherent to the Muslim/Islamic religion, was housed in the Special Housing Unit ("SHU") at CSP–COR. Payne contends that he was denied Payne asserts two causes of action. In his first cause of action, Payne contends he was denied his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[13] In his second cause of action Payne contends that he was denied his rights to procedural due process.

---

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[13] 42 U.S.C. § 2000cc-1.

Payne seeks an order compelling Defendants to provide him with meals consistent with his religious beliefs, permit him to attend appropriate religious services, allow him to receive and purchase appropriate Islamic religious items, visitation by an Islamic Imam, participation in Islamic holy days, and provide a means for financing Islamic religious materials and artifacts for indigent Muslim prisoners. Payne also seeks the award of monetary damages.

## III.   DISCUSSION

Initially this Court notes that to the extent that Payne requests equitable relief, because he is no longer housed at CSP-COR, this Court cannot grant him effective relief. Consequently, those claims are rendered moot and must be dismissed.[14] To the extent that Payne seeks damages for the denial of a Halal meal, however, Payne's claim remains a live controversy.

Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison."[15] Prison inmates retain the rights guaranteed by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion."[16] "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."[17] Four factors must be

---

[14] *See Alvarez v. Hill,* 667 F.3d 1061, 1064 (9th Cir. 2012) ("A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (citation and internal quotation marks omitted)).

[15] *Bell v. Wolfish*, 441 U.S. 520, 5435 (1979).

[16] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

[17] *Turner v. Safely*, 482 U.S. 78, 89 (1987).

balanced in determining whether a prison regulation is reasonably related to legitimate penological interests:  (1) Whether there is a valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it; (2) Whether there are alternative means of exercising the right that remain open to prison inmates; (3) Whether accommodation of the asserted constitutional right will impact guards and other inmates, and on the allocation of prison resources generally; and (4) Whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives.[18]

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates that the burden is "in furtherance of a compelling government interest" and is "the least restrictive means of furthering that . . . interest."[19] In this case, accepting as true Payne's allegations as it must, Defendants bear the burden of establishing that the failure to provide Halal meals satisfies this test.[20]

These are questions that cannot be answered at this juncture of the proceedings. Accordingly, Payne must be granted leave to file an amended complaint as to his First Claim for Relief with respect to the failure or refusal to provide him with Halal meals. That claim is, however, limited to those individuals with the authority and responsibility for providing adequate and proper nutrition to prison inmates. Clearly, Defendants Aqueel El-

---

[18] *Id.* at 89–90.

[19] 42 U.S.C. § 2000cc-1(a).

[20] *See Shakur v. Schiro*, 514 F.3d 878, 889–90 (9th Cir. 2008).

Amin (Islamic/Muslim Imam), E. Eburuche (Catholic Chaplain), Yosi Carron (Jewish Rabbi), Capt. M. Hodges Wilkins (Appeals Examiner), and Capt. R. Davis (Appeals Examiner), do not fall within that category. Accordingly, the Complaint as against them must be dismissed without leave to amend.

Payne's Second Claim for Relief, which asserts a denial of procedural due process, is fatally flawed. Taken as a whole, however, it is evident from the Complaint that he was not denied procedural due process. In the context of grievances, prisoners have no right to a particular procedure.[21] At most, this claim is predicated upon Payne's contention that he did not agree with the responses he received. While an erroneous response is a legitimate basis for attacking the decision itself, it does not amount to a violation of procedural due process. Because it fails to state a claim upon which relief may be granted by this Court, Payne's Second Claim for Relief must be dismissed.

To the extent that Payne alleges that the actions of the Defendants violated State law, § 1983 does not provide a cause of action for those claims.[22] A federal court does, however, have supplemental jurisdiction over state-law claims.[23] In addition, with respect to a *pendente* state-law claim, a prisoner must show compliance with the presentment

---

[21] *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see Hewitt v. Helms*, 459 U.S. 460, 472 (1983) (discussing the flexible approach to due process requirements in the prison context) (receded from in other part by *Sandin v. Connor*, 515 U.S. 472, 481–84 (1995)).

[22] *Loftis v. Almagar*, 704 F.3d 645, 647 (9th Cir. 2012) (*citing Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[23] 28 U.S.C. § 1367(a). Frequently referred to as *pendente* jurisdiction.

requirements of the applicable provisions of the State tort claims act.[24] Here it does not appear that Payne has complied with the requirements of the California tort claims act. In amending his complaint, should Payne allege violations of California law, he should affirmatively plead that he has complied with the requirements of California law, provided he may truthfully so do.

## IV.   ORDER

1. The First Claim for Relief is **DISMISSED** with leave to amend.

2. The Second Claim for Relief and all claims as against Defendants Aqueel El-Amin, Islamic/Muslim Imam, CSP-COR; E. Eburuche, Catholic Chaplain, CSP-COR; Yosi Carron, Jewish Rabbi, Capt. M. Hodges Wilkins, Appeals Examiner, CSP-COR; and Capt. R. Davis, Appeals Examiner, CSP-COR are **DISMISSED**, in their entirety without leave to amend.

3. Plaintiff is granted through and including **Monday, March 2, 2015**, within which to file an Amended Complaint consistent with this Order.

**IT IS SO ORDERED** this 26th day of January, 2015

                                              S/ RALPH R. BEISTLINE
                                              UNITED STATES DISTRICT JUDGE

---

[24] *See Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 627 n.4 (9th Cir. 1988).