UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>      Plaintiff,<br><br>vs.<br><br>C. GIPSON, *et al.*,<br><br>      Defendants. | Case No. 1:13-cv-01557-RRB<br><br>**ORDER VACATING**<br>**DISMISSAL ORDER** |

At **Docket 17** Plaintiff Myron A. Payne, a state prisoner appearing *pro se* and *in forma pauperis*, moved the Court to reconsider its prior Order and Judgment dismissing the case[1] and reconsider its Order dismissing the case with leave to amend.[2] This Court may grant a party relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief."[3]

In his motion Payne establishes that he timely filed his motion that the Court reconsider its order dismissing the case with leave to amend by delivery to prison officials for mailing under the prisoner "mail box rule."[4] For unknown reasons beyond the control of Payne that motion did not reach the Court. As a result, the Dismissal Order, based upon

---

    [1] Dockets 15, 16.

    [2] Docket 12.

    [3] Fed. R. Civ. P. 60(b).

    [4] *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

ORDER VACATING DISMISSAL ORDER.
*Payne v. Gipson*, 1:13-cv-01557-RRB – 1

an apparent failure to comply with the Court's order, was improvidently entered. Consequently, Payne is entitled to relief and the dismissal of this action vacated.

To the extent that Payne seeks relief from the Order dismissing Defendants Aqueel El-Amin (Islamic/Muslim Imam), E. Eburuche (Catholic Chaplain), Yosi Carron (Jewish Rabbi), Capt. M. Hodges Wilkins (Appeals Examiner), and Capt. R. Davis (Appeals Examiner), stands on a different footing. Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[5] However, the law of the case doctrine is not a shackle without a key.

Federal Rule of Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders. If the court enters an interlocutory order without entering a final judgment, e.g., an order granting summary judgment but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[6] Likewise, Rule 60(b) by its very terms applies solely to final judgments.[7] However, as long

---

[5] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[6] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). For entry of a partial judgment *see* Fed. R. Civ. P. 54(b); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ., §2715 (3d ed.).

[7] *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000).

as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[8]

That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[9] In this case only the first basis, the order was clearly erroneous and its enforcement would work a manifest injustice, has any application.

Payne appears to contend that the Court's Dismissal Order was clearly erroneous, i.e., contrary to established law, because it fails to *prove*: (1) a legal dispute does not exist; (2) the violations have been resolved or ceased to exist; (3) there is no reasonable expectation that that the alleged violation will recur; (4) that the case is moot; and (5) release from the security housing unit at Corcoran and transfer to Kern Valley State Prison notwithstanding, the violations of which he complained were as a result of statewide practice, custom, and usage. Initially, the Court notes that it is not the function of the Court to *prove* anything. The Court dismissed Payne's complaint as against those Defendants because the Complaint failed to allege facts upon which relief could be granted, nor did

---

[8] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

[9] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

appear that Payne could truthfully allege facts upon which relief could be granted.  Nothing in Payne's current motion provides any basis for the Court to revisit and reverse its prior decision.  Accordingly, to the extent Payne's motion seeks reconsideration of the Dismissal Order it will be denied.

Therefore, for good cause shown, to the extent Payne requests relief from the order dismissing the case at Docket 15, his motion at **Docket 17** is **GRANTED**.  To the extent that Payne requests this Court reconsider its Order dismissing the case with leave to amend at Docket 12, the motion is **DENIED**.

Accordingly, the Order and Judgment entered herein at **Dockets 15** and **16** are hereby **VACATED**.  Plaintiff is granted through and including **August  10, 2015**, within which to file an Amended Complaint consistent with the Court's prior Dismissal Order.[10]

*Plaintiff is cautioned that requests for further extensions of time within which to file an amended complaint will be viewed with disfavor; and granted only for extenuating circumstances beyond plaintiff's control.*

**IT IS SO ORDERED** this 7th day of July, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10] Docket 12.

ORDER VACATING DISMISSAL ORDER.
*Payne v. Gipson*, 1:13-cv-01557-RRB – 4