UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MYRON A. PAYNE,

      Plaintiff,

vs.

C. GIPSON, *et al.*,

      Defendants.

Case No. 1:13-cv-01557-RRB

**DISMISSAL ORDER**

At **Docket 19** Plaintiff Myron A. Payne, a state prisoner appearing *pro se* and *in forma pauperis*, filed a notice of intent to stand on his complaint and objecting to this Court's order dismissing certain claims and defendants. The procedural history of this case is briefly recounted.

January 27, 2015:  In screening the Complaint, the Court dismissed without leave to amend Payne's procedural due process claim and in its entirety as to certain defendants. The Complaint was dismissed with leave to amend as to certain defendants with respect to his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") .[1]

March 16, 2015:  The Court granted Payne through May 2, 2015, within which to file his amended Complaint.[2]

---

[1]  Docket 12.

[2]  Docket 14.

DISMISSAL ORDER.
*Payne v. Gipson*, 1:13-cv-01557-RRB – 1

June 2, 2015:   The Court dismissed the action for failure to file an amended complaint within the time allowed.[3]

June 8, 2015:   Payne moved to set aside the dismissal and for reconsideration of the Court's January 27, 2015, Order.[4]

July 8, 2015:   The Court granted the motion to set aside the dismissal, denied the motion to the extent it sought reconsideration of the January 27 dismissal order, and granted Payne through and including August 10, 2015, within which to file an amended complaint.[5]

Instead of filing an amended complaint in accordance with the Court's Order, Payne filed the current motion, which does nothing more than renew his earlier motion for reconsideration.  The Court having previously fully considered Payne's arguments finds no reason to vacate its prior Dismissal Order. To the extent that Payne purports to stand on his original Complaint, the Court having dismissed it in its entirety with leave to amend, there is no operative pleading before this Court upon which to stand.

**IT IS THEREFORE ORDERED** that to the extent that Payne seeks further reconsideration of this Court's dismissal of his action it is hereby **DENIED**.

Payne's continued failure to comply with the Order of the Court granting him leave to file an amended complaint notwithstanding, the Court will grant Payne an additional period of time to file his amended complaint.  Accordingly, Payne is hereby granted through

---

[3]  Docket 15.

[4]  Docket 17.

[5]  Docket 18.

DISMISSAL ORDER.
*Payne v. Gipson*, 1:13-cv-01557-RRB – 2

and including **September 30, 2015**, within which to file an amended complaint consistent with the Court's January 27, 2015 Dismissal Order.

*Plaintiff is cautioned that requests for further extensions of time within which to file an amended complaint will be viewed with disfavor; and granted only for extenuating circumstances beyond plaintiff's control. Plaintiff is further warned that continued failure to timely comply with the Orders of this Court may result in dismissal of this action without further notice to him.*[6]

**IT IS SO ORDERED** this 19th day of August, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.* 403 F.3d 683, 689 (9th Cir. 2005).

DISMISSAL ORDER.
*Payne v. Gipson*, 1:13-cv-01557-RRB – 3