UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON A. PAYNE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>C. GIPSON, *et al.*,<br><br>　　　Defendants. | Case No. 1:13-cv-01557-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

At **Docket 23** Plaintiff Myron A. Payne, a state prisoner appearing *pro se* and *in forma pauperis*, filed a motion to stand on his complaint and objecting to this Court's order dismissing certain claims and defendants. The procedural history of this case is briefly recounted.

<u>January 27, 2015</u>: In screening the Complaint, the Court dismissed without leave to amend Payne's procedural due process claim and in its entirety as to certain defendants. The Complaint was dismissed with leave to amend as to certain defendants with respect to his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[1]

<u>March 16, 2015</u>: The Court granted Payne through May 2, 2015, within which to file his amended Complaint.[2]

---

[1] Docket 12.

[2] Docket 14.

June 2, 2015: The Court dismissed the action for failure to file an amended complaint within the time allowed.[3]

June 8, 2015: Payne moved to set aside the dismissal and for reconsideration of the Court's January 27, 2015, Order.[4]

July 8, 2015: The Court granted the motion to set aside the dismissal, denied the motion to the extent it sought reconsideration of the January 27, 2015, Dismissal Order, and granted Payne through and including August 10, 2015, within which to file an amended complaint.[5]

August 20, 2015: The Court denied Payne's Motion to Stand on His Complaint and for reconsideration of its January 27, 2015, Dismissal Order. The Court did grant Payne through and including September 20, 2015, within which to file an amended complaint consistent with the Court's January 27, 2015, Dismissal Order.[6]

September 18, 2015: The Court extended the time for Payne to file his amended complaint through and including October 30, 2015.[7]

Instead of filing an amended complaint in accordance with the Court's Order, Payne filed the current motion, which does nothing more than renew his earlier motions for reconsideration. Because the Court previously fully considered and rejected Payne's

---

[3] Docket 15.

[4] Docket 17.

[5] Docket 18.

[6] Docket 20.

[7] Docket 22.

arguments on two occasions the Court finds no reason to vacate its Dismissal Order. With respect to the extent Payne purports to stand on his original Complaint, as the Court explained, because it was dismissed it in its entirety with leave to amend, there is no operative pleading before this Court upon which to stand.

It is patently clear that Payne misunderstands the scope of his rights to bring this action as well as the effect of the Dismissal Order. The Court did not find that the case was moot in its entirety. Because Payne was no longer housed at California State Prison–Corcoran ("CSP-COR") the Court found that his claim for injunctive relief had become moot. The Court made clear that Payne's claims for damages remained a live controversy. On the other hand if, as it appears from Payne's current motion, his rights are being violated at his current place of incarceration (Kern Valley State Prison), not only is it not properly pleaded in his Complaint, Payne's remedy is to file a separate action. The Complaint in this case, even if Payne were permitted to stand on it and proceed, does not extend beyond whatever injury Payne may have suffered while incarcerated at CSP-COR. To the extent that Payne attempts to expand his complaint to the "CDC system wide," it is in essence a class action that is not properly before this Court.[8] Nor, for that matter, is the Court inclined to permit Payne, appearing *pro se*, to proceed as the representative of the class.

Accordingly, to the extent that Payne seeks further reconsideration of this Court's dismissal of his action it is hereby **DENIED**.

---

[8] *See* Fed. R. Civ. P. 23.

Payne has continually failed to comply with the Orders of the Court granting him leave to file an amended complaint. In filing the current motion declining to file an amended complaint despite the several opportunities he has been given and continuing his quest to seek relief to which he is not entitled, Payne has clearly indicated that he has no intention of filing an amended complaint consistent with the Court's order. Consequently, granting Payne further leave to file an amended complaint would be futile.[9] Therefore, the Complaint on file herein is hereby **DISMISSED** without leave to amend.[10]

This Court, having fully considered the matter, finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would be frivolous or taken in bad faith.[11] Accordingly, Payne's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 27th day of October, 2015.

                                    S/ RALPH R. BEISTLINE
                                    UNITED STATES DISTRICT JUDGE

---

[9] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[10] Fed. R. Civ. P. 41(a)(2); *see Hells Canyon Preservation Council v. U. S. Forest Serv.* 403 F.3d 683, 689 (9th Cir. 2005) (the court may do so *sua sponte*).

[11] 28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).